## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Shauna Patterson    :
1227 Redwood Ave   :
Folsom, PA 19033    : TRIAL BY JURY DEMAND
          :
  Plaintiff.    : CIVIL ACTION NO.
          :
  v.      :
          :
Walmart, Inc. (DBA "Walmart") :
1570 Chester Pike    :
Eddystone, PA 19022   :
          :
Raymond Trent     :
1570 Chester Pike    :
Eddystone, PA 19022   :
          :
Michael Slowik     :
1300 East 12th Street   :
Eddystone, PA 19022   :
          :
  Defendants.   :

## CIVIL ACTION COMPLAINT

Plaintiff by and through her attorney Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

1

3.     At all times relevant hereto Plaintiff Shauna Patterson is an adult resident of Folsom, Pennsylvania who lives at 1227 Redwood Ave.

4.     Defendant Walmart, Inc. (DBA "Walmart"), is located at 1517 Chester Pike, Eddystone, PA 19022.

5.     Defendant Raymond Trent, is believed to be an adult male citizen of Pennsylvania conducting business at 1517 Chester Pike, Eddystone, PA 19022.

6.     Michael Slowik, is believed to be an adult male citizen of Pennsylvania conducting business at 1300 East 12th Street, Eddystone, PA 19022 as a police officer. Defendant Slowik is being sued in his individual capacity.

7.     At all times material hereto, defendant Slowik acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Eddystone, PA.

## FACTUAL BACKGROUND

8.     On November 19, 2021, Walmart was operating in Eddystone, PA.

9.     On November 19, 2021, Defendant Trent was employed as a loss prevention officer for Walmart.

10.     On November 19, 2021, Defendant Slowik, was employed as a Police Officer at Eddystone Borough Police Department in Delaware County, Pennsylvania.

11.     On November 19, 2021, Plaintiff was inside of Walmart and had shoplifted shampoo.

12.     Defendants Trent and Slowik tackled her to the ground in the Walmart parking lot.

13.     Plaintiff's head bounced off the asphalt ground surface.

2

14.    Defendant Slowik body slammed Plaintiff the ground, and Defendant Trent sat on top of Plaintiff while she was actively seizing on the ground.

15.    As a result of the force used against Plaintiff, she suffered a fractured skull and a traumatic brain injury. Further, Plaintiff suffered a brain bleed and a fractured clavicle.

16.    Plaintiff did not run from the Defendants.

17.    Plaintiff did not resist arrest in any way.

18.    Plaintiff was found guilty of crimes related to the theft, all other charges were dismissed against Plaintiff.

19.    Defendant Trent was not properly trained and supervised by Walmart.

20.    Defendants Trent and Slowik conspired to beat and harm Plaintiff.

## COUNT I - EXCESSIVE FORCE - 42 U.S.C. § 1983
## DEFENDANT SLOWIK

21.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

22.    Plaintiff believes and therefore avers that the force used upon her was unnecessary and more force than was reasonable and necessary under the circumstances.

23.    Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

24.    Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against

3

Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT II - CONSPIRACY UNDER 42 U.S.C. § 1983
## INDIVIDUAL DEFENDANTS

25.    Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

26.    All of the individual Defendants in this matter conspired to deprive the Plaintiffs of her constitutional rights.

27.    All of the individual Defendants acted in concert to commit an unlawful act, the principal element of which was an agreement between the parties to inflict wrong or injury upon another, and their acts resulted in damages, more specifically: the illegal use of force against the Plaintiff, which resulted in damage to all Plaintiff.

28.    Further, the Defendants took overt steps in furtherance of the conspiracy to the illegal use of force against the Plaintiff, all of which caused damage to the Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT III - NEGLIGENCE
## PLAINTIFF v. WALMART AND TRENT

29.    The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

30.    An employee of the Defendant Walmart negligently, carelessly, and recklessly was acting as a security guard for Walmart.

31.    Further Defendant Trent, negligently, carelessly, and recklessly assisted Defendant Slowick in tackling Plaintiff to the ground and subsequently sitting on top of Plaintiff while she was seizing.

32.    Defendant and their employees held a duty of care to Plaintiff.

33.    Defendant Trent was an employee who was working within the scope of their employment at the time of the incident.

34.    The Defendant breached this duty of care when their employee(s) negligently harmed Plaintiff.

35.    The Defendant's actions and omissions were the sole, direct, and proximate causes of Plaintiff's injuries and damages.

36.    These actions and omissions resulted in serious permanent physical and emotional injuries to the Plaintiff.  Plaintiff also makes a claim for such injuries, damages and consequences resulting from the negligent actions of the Defendants of which she has no present knowledge.

37.    As a direct and proximate result of the negligent actions and omissions, Plaintiff suffered and continues to suffer great pain, was and is hindered from performing and transacting her usual affairs and business, and was forced to expend various sums of money in an effort to treat her injuries and may in the future be required to expend further sums of money in an effort to treat her injuries.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

38.     As a direct and proximate result of Defendants' negligent actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss. WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT VI - VICARIOUS LIABILITY - RESPONDEAT SUPERIOR
## PLAINTIFF V. WALMART

39.     The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

40.     Upon information and belief, Defendant Walmart employed and/or hired Defendant Trent to work at Walmart and operate as a security officer on behalf of Walmart.

41.     Defendant Trent operated as a security officer on behalf of Walmart within the scope of his employment with Defendants.

42.     Defendant Trent operating as a security officer for Walmart was for the purpose of benefitting Defendant Walmart.

43.     Defendant Walmart is vicariously liable for Defendant Trent's negligence as noted above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

## COUNT VII - NEGLIGENT HIRING
## PLAINTIFF V. WALMART

44.    The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

45.    On information and belief, Plaintiff alleges that Defendant selected and hired the individual who conspired to have Plaintiff assaulted.

46.    On information and belief, Plaintiff alleges Defendant employer failed to exercise reasonable care in selecting and hiring employees.

47.    Defendant had actual or constructive knowledge that an employee was an inexperienced, reckless, incompetent, or dangerous individual.

48.    Defendant had a duty of care to the Plaintiff to exercise reasonable care in selecting and hiring individuals to work as security officers working at its Walmart store in Eddystone, PA.

49.    Defendants had actual or constructive knowledge that an employee had a history of wrongfully acting as a security officer.

50.    Defendants breached that duty of care to Plaintiff which caused injuries and damage to Plaintiff.

51.    Defendants negligently, carelessly, and recklessly exposed Plaintiff to a dangerous situation which posed a risk to her safety.

52.    Defendants negligently, carelessly, and recklessly exposed Plaintiff to a dangerous employee(s) having should have known the employee posed a risk to their safety.

7

53.     These actions and omissions resulted in serious permanent physical and emotional injuries to the Plaintiff.  Plaintiff also makes a claim for such injuries, damages and consequences resulting from the negligent, careless, and reckless actions of the Defendants of which he has no present knowledge.

54.     As a direct and proximate result of the negligent, careless, and reckless actions and omissions, Plaintiff suffered and continues to suffer great pain, was and is hindered from performing and transacting her usual affairs and business, and was forced to expend various sums of money in an effort to treat her injuries and may in the future be required to expend further sums of money in an effort to treat her injuries.

55.     As a direct and proximate result of Defendants' negligent, careless, and reckless actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT VIII - NEGLIGENT RETENTION
## PLAINTIFF V. DEFENDANT WALMART

56.     The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

57.    On information and belief, Plaintiff alleges that on prior occasions, other citizens of the Commonwealth of Pennsylvania had been assaulted by Walmart security.

58.    On information and belief, Plaintiff alleges that Defendants retained an employee or allowed an employee to assault and batter the Plaintiff even though the Defendant had actual or constructive knowledge that the employee was an inexperienced, reckless, incompetent, or dangerous individual(s).

59.    Defendants employer had a duty of care to the Plaintiff to exercise reasonable care in retaining security officers at Walmart in Eddystone, PA.

60.    Defendants breached that duty of care to the Plaintiff which caused injuries and damage to the Plaintiff.

61.    These actions and omissions resulted in serious permanent physical and emotional injuries to the Plaintiff.  Plaintiff also makes a claim for such injuries, damages and consequences resulting from the negligent actions of the Defendants of which he has no present knowledge.

62.    As a direct and proximate result of the negligent actions and omissions, Plaintiff suffered and continues to suffer great pain, was and is hindered from performing and transacting her usual affairs and business, and was forced to expend various sums of money in an effort to treat her injuries and may in the future be required to expend further sums of money in an effort to treat her injuries.

63.    As a direct and proximate result of Defendants' negligent actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT IX - NEGLIGENT SUPERVISION
## PLAINTIFF V. DEFENDANT WALMART

64.     The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

65.     Defendants had actual or constructive knowledge that their employee was working as a security officer at Walmart in Eddystone, PA on the night in question.

66.     On information and belief, Plaintiff avers that an employee assaulted and battered Plaintiff.

67.     Defendant employer had a duty of care to the Plaintiff to exercise reasonable care in supervising individuals employed as security officers at Walmart in Eddystone, PA.

68.     On information and belief, Defendant employer knew or should have known that an employee acting as a security officer assaulted and battered Plaintiff on the date in question.

69.     On information and belief, Plaintiff avers that Defendants employer, through their acts and omissions, permitted an employee as a security officer at the Eddystone, PA, Walmart to assault and batter Plaintiff.

70.     Through negligent supervision of an employee, Defendants breached a duty of care to the Plaintiff.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

71.    As a direct and proximate result of the Defendants' negligent, careless, and reckless supervision of its employees, the Plaintiff has sustained serious permanent physical and emotional injuries.

72.    These actions and omissions resulted in serious permanent physical and emotional injuries to the Plaintiff.  Plaintiff also makes a claim for such injuries, damages and consequences resulting from the negligent actions of the Defendants of which he has no present knowledge.

73.    As a direct and proximate result of the negligent actions and omissions, Plaintiff suffered and continues to suffer great pain, was and is hindered from performing and transacting her usual affairs and business, and was forced to expend various sums of money in an effort to treat her injuries and may in the future be required to expend further sums of money in an effort to treat her injuries.

74.    As a direct and proximate result of Defendants' negligent, careless, and reckless actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.


### COUNT X- ASSAULT AND BATTERY
### PLAINTIFF V. INDIVIDUAL DEFENDANTS

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

75.    The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

76.    The willful and malicious acts of Defendants constitute assault and battery upon Plaintiff.

77.    The assault and battery committed by the Defendants upon Plaintiff was unprovoked and in no manner whatsoever due to any act or failure to act on the part of Plaintiff.

78.    As a direct and proximate result of Defendants' Actions, Plaintiff sustained serious injuries, some or all of which may be permanent in nature.

79.    Plaintiff also makes claim for such injuries, damages and consequences resulting from the assault and battery of which he has no present knowledge.

80.    Plaintiff was forced to expend various sums of money in an effort to treat her injuries and may in the future be required to expend further sums of money in an effort to treat her injuries.

81.    Defendants committed the acts herein willfully and maliciously.

82.    As a direct and proximate result of Defendants' willful actions, Plaintiff was greatly inconvenienced, humiliated and traumatized, some or all of which may result in permanent loss.

**WHEREFORE**, Plaintiff requests the following in a sum greater than seventy five thousand dollars ($75,000) plus costs and delay damages, and all other appropriate relief, to wit:

a. Compensatory damages;

b. Punitive damages;

c. Such other and further relief as appears reasonable and just.

**<u>JURY DEMAND</u>**

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Plaintiff hereby demands a trial by jury as to each count and each of the Defendants.


Respectfully submitted,


/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340